**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK BOYLAN,<br><br>               Plaintiff,<br><br>      v.<br><br>SOGOU INC.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)   No. 1:2021-cv-2041<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS

Plaintiff Patrick Boylan ("Plaintiff") brings this Complaint for Violation of Federal Securities Laws ("Complaint") against Sogou Inc. ("Sogou", "Defendant", or the "Company"). Plaintiff's allegations are based upon the knowledge of Plaintiff as to himself and upon information and belief, including the investigation conducted by his undersigned attorneys and a review of public information, including news reports and documents filed with the U.S. Securities and Exchange Commission ("SEC"), as to all other matters.

## INTRODUCTION

1.  This is an action concerning a Chinese company incorporated under the laws of the Cayman Islands, which has issued equity that is traded on the New York Stock Exchange ("NYSE") in the form of American Depositary Shares. Those shares stand to be cashed out through a short-form merger, pursuant to which each shareholder will receive $9.00 per share (the "Merger"). The Company has told shareholders that they do not have "dissenters' rights" – *i.e.*, the ability to reject the consideration contemplated by the Merger and petition for a court to appraise the fair value of their shares. Under applicable Cayman Islands law, however, minority shareholders who are cashed out of their position through a short-form merger do have dissenters' rights.

2.  The Merger will be a going-private transaction pursuant to which TitanSupernova

Limited ("Parent") will merge with and into Sogou, with the Company continuing as the surviving company. It will be effected through a statutory, short-form merger in accordance with section 233(7) of the Cayman Islands Companies Law ("Section 233(7)"). After the Merger is completed, the Company will be a privately held company, all of the outstanding equity shares of which will be owned by THL A21 Limited ("THL"), which in turn is wholly owned by Tencent Holdings Limited ("Tencent").

3.      Through the Merger, Tencent will thus acquire indirect ownership of all of the outstanding equity capital in the Company which Tencent does not already beneficially own. All unaffiliated security holders, including those who hold securities traded on the NYSE, will be cashed out of their positions.

4.      In advance of the Merger, Sogou filed a Transaction Statement with the SEC on December 1, 2020 (the "Transaction Statement") pursuant to SEC Rule 13e-3 [§ 240.13e-3] ("Rule 13-3"), which applies to, *inter alia*, going private transactions resulting in the termination of registration of a class of equity securities of the issuer, such as the anticipated short-form Merger. In the Transaction Statement, Sogou claims that shareholders "will not be able to follow the statutory procedure to exercise dissenters' rights under section 238 of the Cayman Islands Companies Law".

5.      However, Section 238 of the Cayman Islands Companies Law, entitled "Rights of Dissenters" ("Section 238"), guarantees that a "member of a constituent company incorporated under this Law shall be entitled to payment of the fair value of that person's shares upon dissenting from a merger or consolidation."[1] It admits of no exception for short-form mergers, and a recent

---

[1]  The Cayman Islands Companies law can be accessed at: https://www.ciregistry.ky/wp-content/uploads/dlm_uploads/Companies%20Law%20(2020%20Revision).PDF (last accessed

decision of the Grand Court of the Cayman Islands, Financial Services Division makes clear that no such exception exists.

6.      Absent accurate disclosure of their dissenters' rights, shareholders will not be advised that they are entitled to follow the procedures set forth in Section 238 to exercise their dissenters' rights. Timeliness is of the essence, as these procedures require that, to perfect their dissent, shareholders must, within 20 days immediately following the date on which a merger notice is given, provide written notice of their decision to dissent stating their names and addresses, stating the number of shares in respect of which they dissent, and demanding payment of the fair value of those shares.

7.      Plaintiff brings this action to ensure that shareholders are afforded this vital information and apprised of their right, if they so elect, to seek judicial determination of the fair value of Sogou American Depositary Shares.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa] because it involves a claim for violation of Exchange Act §13(e) and Rule 13e-3 promulgated thereunder by the SEC.

9.      Personal jurisdiction exists over Sogou because it either conducts business in or maintains operations in this District or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Sogou by this Court permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper because many of the acts and conduct complained of herein,

---

February 26, 2021). A copy of Section 238 is appended to the Transaction Statement as Exhibit (f)(2).

including but not limited to the listing of Sogou American Depositary Shares on the NYSE, occurred in this District. 28 U.S.C. § 1391. Moreover, section 24 of the deposit agreement underlying those shares provides in relevant part that "[t]he Company has (i) appointed CT Corporation System, 111 Eighth Avenue, New York, New York 10011 as the Company's authorized agent upon which process may be served in any suit or proceeding (including any arbitration proceeding) arising out of or relating to the Shares or Deposited Securities, the American Depositary Shares, the Receipts or this Agreement, (ii) consented and submitted to the jurisdiction of any state or federal court in the State of New York in which any such suit or proceeding may be instituted, and (iii) agreed that service of process upon said authorized agent shall be deemed in every respect effective service of process upon the Company in any such suit or proceeding."

## PARTIES

### I.   PLAINTIFF

11.    Plaintiff Patrick Boylan is, and at all times relevant hereto has been, a holder of Sogou ADSs.

### II.   DEFENDANTS

12.    Defendant Sogou is incorporated under the laws of the Cayman Islands and maintains its principal executive offices at Level 15, Sohu.com Internet Plaza, No. 1 Unit Zhongguancun East Road, Haidian District, Beijing 100084, People's Republic of China.

## FURTHER SUBSTANTIVE ALLEGATIONS

### III.   COMPANY BACKGROUND AND CAPITAL STRUCTURE

13.    Sogou is a subsidiary of Sohu.com Limited, a Chinese internet company (together with its prior corporate forms, "Sohu") that operates Sogou Search, which is the second largest search engine in China by mobile queries, according to CVSC TNS Research. The Company is

the fourth largest Internet company in China based on monthly active users in December 2019, according to iResearch.

14.      The Company has issued Class A ordinary shares, par value $0.001 per share (the "Class A Shares"), including Class A Shares represented by American depositary shares, each representing one Class A Share (the "ADSs"). These ADSs are traded on the New York Stock Exchange ("NYSE") under ticker symbol "SOGO". As of December 1, 2020, there were a total of 108,833,041 Class A Shares issued and outstanding, including 1,899,000 Restricted Shares (as defined below).

15.      The Company is also the issuer of ordinary shares designated as Class B ordinary shares, par value $0.001 per share (the "Class B Shares"). The Class B Shares are not listed for trading on the NYSE or any other stock exchange. As of the date of December 1, 2020, there were a total of 278,757,875 issued and outstanding Class B Shares. In matters requiring a shareholder vote, holders of Class A Shares and holders of Class B Shares vote together as a single class, with each Class A Share entitled to one vote and each Class B Share entitled to ten votes.

16.      Sogou had been majority owned by Sohu until Suho sold control over a majority of the voting power of the Company to Tencent. Sohu, through its indirect ownership of Class A and Class B Shares and a voting agreement, dated as of August 11, 2017, among Sohu.com (Search) Limited, an exempted company with limited liability incorporated under the laws of the Cayman Islands ("Sohu Search"), THL, and the Company (the "Sohu-Tencent Voting Agreement"), has the power to appoint a majority of Sogou's board of directors.

17.      On or about the same time as Sohu and Tencent devised the merger, Sohu, Sohu Search, and Parent entered into a share purchase agreement, which was amended on December 1, 2020 to extend the termination date thereunder (such agreement as so amended, the "Sohu Share

Purchase Agreement"), pursuant to which Sohu Search agreed to sell all of the Class A and Class B Shares owned by it to Parent. Also on or about the same time, THL and Parent entered into a contribution agreement, pursuant to which THL agreed to contribute all of the Class B Shares owned by it to Parent.

18.     Upon the completion of the foregoing arrangements, Parent will hold at least 90% of the voting power represented by all issued and outstanding Sogou shares immediately prior to the closing of the Merger. Tencent will be able to complete the short-form Merger precisely because it will indirectly control more than 90% of the voting power represented by all issued and outstanding shares immediately prior to the closing of the Merger, enabling it to proceed pursuant to section 233(7) of the Cayman Islands Companies Law.

19.     As of December 1, 2020 and as detailed in the Transaction Statement, the Company's major shareholders were as follows:

| | Class A Shares | Class B Shares | Percentage of Class A and Class B Shares | Percentage of Total Voting Power |
|---|---|---|---|---|
| **Directors and Executive Officers:** | | | | |
| Charles Zhang | 24,686,863 | — | 6.4 % | 0.9 % |
| Xiaochuan Wang | 21,216,400 | — | 5.5 % | 0.7 % |
| Yu Yin | — | — | — | — |
| Joanna Lu | * | — | * | * |
| Hongtao Yang | * | — | * | * |
| Tao Hong | * | — | * | * |
| Fion Zhou | — | — | — | — |
| Bin Gao | — | — | — | — |
| Janice Lee | — | — | — | — |
| Jinmei He | — | — | — | — |
| All directors and executive officers as a group | 48,707,576 | — | 12.6 % | 1.7 % |
| **Principal Shareholders:** | | | | |

|  | Class A Shares | Class B Shares | Percentage of Class A and Class B Shares | Percentage of Total Voting Power |
|---|---|---|---|---|
| Sohu | 3,717,250 | 127,200,000 | 33.8 % | 44 % |
| Tencent | — | 151,557,875 | 39.2 % | 52.3 % |
| Charles Zhang | 24,686,863 | — | 6.4 % | 0.9 % |

## IV.   THE MERGER

20.     On September 29, 2020, the Company entered into an agreement and plan of merger with THL, Parent, and TML, which was amended on December 1, 2020 to extend the termination date thereunder (such agreement as so amended, the "Merger Agreement"). THL is a business company with limited liability incorporated under the laws of the British Virgin Islands and wholly owned by Tencent, which is principally engaged in the business of holding securities in the portfolio companies in which Tencent invests and directly held 151,557,875 Class B Shares as of December 1, 2020. Parent is an exempted company with limited liability incorporated under the laws of the Cayman Islands and wholly owned by THL, which was formed solely for the purpose of completing the transactions contemplated under the Merger Agreement. TML is a company incorporated in Hong Kong and wholly owned by Tencent.

21.     As contemplated by the Merger Agreement, Parent will merge with and into the Company in accordance with Part XVI of the Cayman Islands Companies Law through a statutory short-form merger in accordance with section 233(7) of the Cayman Islands Companies Law. Thereafter, the ADSs will no longer be listed on the NYSE, and the Company will cease to be a publicly traded company and will be a privately held, indirectly wholly owned subsidiary of Tencent.

22.     Once Tencent controls more than 90% of the Company's voting power, certain actions will befall Sogou securities:

- Each issued and outstanding Class A Share—other than certain excluded shares—will

be cancelled in exchange for the right for the holders thereof to receive $9.00 in cash per Class A Share without interest and net of any applicable withholding taxes;

- Each ADS, each representing one Class A Share, will be cancelled in exchange for the right to receive $9.00 in cash per ADS, less $0.05 per ADS cancellation fees and other fees as applicable pursuant to the terms of the deposit agreement, dated November 8, 2017, by and among the Company, The Bank of New York Mellon as depositary for ADSs, and all holders from time to time of ADSs issued thereunder, without interest and net of any applicable withholding taxes for the ADSs;

- Each Class A and Class B Share held by Parent that is issued and outstanding will be converted into one class A share or one class B share, respectively, of the surviving company, all of which shall be registered in the name of THL, being the sole shareholder of Parent immediately prior to the effective time of the merger; and

- Each other excluded share issued and outstanding immediately prior to the effective time of the merger will automatically be cancelled and cease to exist, without payment of any consideration or distribution therefor.

23.     Pursuant to a parallel contribution agreement, THL will contribute all of the 151,557,875 Class B Shares held by it to Parent, in exchange for the issuance of one share of Parent to THL. The Shares contributed by THL to Parent will remain as Class B Shares.

## V.     THE TRANSACTION STATEMENT

24.     On December 1, 2020, the Company filed the Transaction Statement with the SEC, wherein the Company made various statements about ADS holders' ability to exercise dissenters' rights under the Cayman Islands Companies Law.

25.     Rule 13e-3 requires disclosure of "information concerning appraisal rights" as specified in § 229.1016(f), which in turn requires "[a] detailed statement describing security holders' appraisal rights and the procedures for exercising those appraisal rights referred to in response to Item 1004(d) of Regulation M-A" – *i.e.*, a requirement to "[s]tate whether or not dissenting security holders are entitled to any appraisal rights. If so, summarize the appraisal rights. If there are no appraisal rights available under state law for security holders who object to the transaction, briefly outline any other rights that may be available to security holders under the

law."

26.     In the Transaction Statement, Defendants made the following (mis)statements concerning the availability of dissenters' rights under the Cayman Islands Companies Law:

**No Ability to Follow the Statutory Procedure to Exercise Dissenters' Rights**

As the Merger will be a "short-form" merger pursuant to section 233(7) of the Cayman Islands Companies Law, no shareholder vote on the Merger will be held. Registered holders of Class A Ordinary Shares (including holders of Class A Ordinary Shares represented by ADSs) will not be able to follow the statutory procedure to exercise dissenters' rights under section 238 of the Cayman Islands Companies Law, which would otherwise apply if the Merger were a "long-form" merger under section 233(6) of the Cayman Islands Companies Law. A copy of section 238 of the Cayman Islands Companies Law is attached to this Transaction Statement as Exhibit (f)(2) for the information of the Unaffiliated Security Holders. Unaffiliated Security Holders are urged to seek their own advice on Part XVI of the Cayman Islands Companies Law from a licensed Cayman Islands law firm.

(Transaction Statement at 21).

**Q:   Will shareholders be able to assert dissenters' rights (also referred to as "appraisal rights") in connection with the Merger?**

A: No. Because the Merger will be a "short-form" merger pursuant to section 233(7) of the Cayman Islands Companies Law, no shareholder vote on the Merger will be held. Registered holders of Class A Ordinary Shares (including holders of Class A Ordinary Shares represented by ADSs) will not be able to follow the statutory procedure to exercise dissenters' or appraisal rights under section 238 of the Cayman Islands Companies Law, which would otherwise apply if the Merger was a "long-form" merger under section 233(6) of the Cayman Islands Companies Law. Unaffiliated Security Holders are urged to seek their own advice on Part XVI of the Cayman Islands Companies Law from a licensed Cayman Islands law firm.

(Transaction Statement at 28).

**No Ability to Follow the Statutory Procedure to Exercise Dissenters' or Appraisal Rights**

As the Merger will be a "short-form" merger pursuant to section 233(7) of the Cayman Islands Companies Law, no shareholder vote on the Merger will be held. Registered holders of Class A Ordinary Shares (including holders of Class A Ordinary Shares represented by ADSs) will not be able to follow the statutory procedure to exercise dissenters' rights under section 238 of the Cayman Islands Companies Law, which would otherwise apply if the Merger were a "long-form" merger under section 233(6) of the Cayman Islands Companies Law. A copy of

section 238 of the Cayman Islands Companies Law is attached to this Transaction Statement as Exhibit (f)(2) for the information of the Unaffiliated Security Holders. Unaffiliated Security Holders are urged to seek their own advice on Part XVI of the Cayman Islands Companies Law from a licensed Cayman Islands law firm.

(Transaction Statement at 63).

27.     Each of the foregoing statements is false and misleading. Under the Cayman Island Companies Law, dissenting shareholders are entitled to appraisal rights. Specifically, Section 238(1) provides that: "[a] member of a constituent company incorporated under this Law shall be entitled to payment of the fair value of that person's shares upon dissenting from a merger or consolidation."

28.     The Grand Court of the Cayman Islands, Financial Services Division has recently confirmed that Section 238 dissenters' rights are available to shareholders who are forced to give up their shares in a short-form merger. In *In the matter of Changyou.com Limited* (28 January 2021, FSD 120 of 2020 (ASCJ) ("*Changyou.com*"), the Grand Court determined that dissenters' rights are available in a short-form merger. The Grand Court specifically rejected the argument— advanced in the Transaction Statement—that short-form mergers pursuant to Cayman Islands Companies Law Section 233(7) do not give rise to dissenters' rights, which long-form mergers pursuant to Cayman Islands Companies Law Section 233(6) do, because there is no entitlement to vote in a short-form merger. The Court determined that this would yield an absurd result, in which shareholders who could vote against a merger would still be able to seek appraisal while <10% shareholders cashed out through a short-form merger would have to accept whatever price the 90% shareholder deems "fair".

29.     At least one other Cayman Islands company pursuing a short-form merger has filed an accurate Rule 13e-3 transaction statement in light of *Changyou.com*. On February 10, 2021, Ruhnn Holding Limited advised holders of its American Depositary Shares—which trade on the

Nasdaq Global Select Market—that it had "determined to offer shareholders the right to dissent from the Merger and to seek an appraisal of the fair value of such shareholders' Shares under Section 238(1) of the Cayman Islands Companies Act" after advising shareholders of the judgment entered in *Changyou.com*.

30.     To date, however, Sogou has negligently failed to amend the Transaction Statement. Its failure to do so is all the more glaring because the company at issue in *Changyou.com* was an indirect, wholly owned subsidiary of Sohu; *i.e.*, Sogou's long-time controller who still controlled approximately 44% of Company voting power as of December 1, 2020.

31.     It is inexplicable that Sohu could have received the judgment in *Changyou.com* and not taken measures to promptly advise holders of Sogou ADSs of their dissenters' rights. The Merger remains poised to go forward without shareholders being advised of their ability to dissent to the $9.00 per-ADS merger consideration (less $0.05 per ADS cancellation fees and other fees as applicable pursuant to the terms of the deposit agreement).

32.     The Transaction Statement is false and misleading because it repeatedly misstates shareholders' entitlement to dissenters' rights. These misstatements must be corrected so that holders of Sogou's ADSs know that they may seek judicial appraisal of the fair value of their ADSs as an alternative to accepting the approximately $9.00 per ADS merger consideration.

## CLAIMS FOR RELIEF

### COUNT I
### Violations of Section 13(e) of the Exchange Act and Rule 13e-3 Promulgated Thereunder
### (against Sogou)

33.     Plaintiff realleges each allegation pleaded above.

34.     This count is brought pursuant to Section 13(e) of the Exchange Act [15 U.S.C. § 78m(e)] and Rule 13e-3 promulgated thereunder by the SEC [17 C.F.R. § 240.13e-3]. Sogou has

departed from a reasonable standard of care and acted negligently in failing to correct the Transaction Statement.

35.     Sogou's controller as of the day before the Transaction Statement was filed, Sohu, was also the controller of the company at issue in *Changyou.com*. Notwithstanding Sohu's receipt of the *Changyou.com* decision, Sogou has not supplemented the Transaction Statement to make clear that holders of Sogou's ADSs have dissenters' rights under Section 238 of the Cayman Islands Companies Law.

36.     By reason of the foregoing, Sogou violated Section 13(e) of the Exchange Act and Rule 13e-3 promulgated thereunder, which require that issuers provide in transaction statements a detailed statement describing security holders' appraisal rights and the procedures for exercising those appraisal rights or, if there are no appraisal rights available under state law for security holders who object to the transaction, briefly outline any other rights that may be available to security holders under the law.

37.     Sogou had a duty to ensure the truthfulness and accuracy of the statements contained in the Transaction Statement and, in the exercise of reasonable care, knew or should have known of the misstatements contained therein concerning ADS holders' entitlement to dissenters' rights. Sogou has failed to correct the misstatements set forth in the Transaction Statement and, in so doing, has violated Section 13(e) and Rule 13e-3. To do so, Sojou must make disclosure in substantially the following form:

> You have a statutory right to dissent from the Merger and demand payment of the fair value of your Class A Ordinary Shares (including holders of Class A Ordinary Shares represented by ADSs) of SOGO as agreed between you and SOGO or, if no agreement can be reached, as determined in a judicial appraisal proceeding in accordance with Section 238 of the Cayman Companies Law. This value may be more or less than the $9.00 per share in cash consideration offered in the Merger, as adjusted. In order to qualify for these rights, you must deliver a written notice of dissent within 20 days immediately following the date on which the Notice of

Merger and Dissenters' Rights and a Letter of Transmittal is given and otherwise comply with the procedures for exercising dissenters' rights in Section 238 of the Cayman Companies Law. A copy of Section 238 of the Cayman Companies Law is attached as Exhibit [•] hereto. Any failure to comply with its terms will result in an irrevocable loss of such right. Shareholders seeking to exercise their statutory right of dissent are encouraged to seek advice from legal counsel.

38.     The availability of dissenters' rights is information material to ADS holders determining whether to accept the approximately $9.00 per ADS merger consideration, as they would not otherwise know whether they other options; *i.e.*, to sell their shares on the open market before the Merger seek a greater price through exercise of dissenters' rights. Under applicable provisions of the Cayman Islands Companies Law, ADS holders only have a limited time to determine whether they wish to exercise dissenters' rights, and then do so, and are therefore at risk of losing that statutory option.

39.     Because of the false and misleading statements concerning dissenters' rights set forth in the Transaction Statement, Plaintiff and other ADS holders are threatened with irreparable harm in the absence of corrective disclosure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of an order:

A.  Declaring that the description of shareholders' dissenters' rights set forth in the Transaction Statement is false and misleading and that Sogou violated the Exchange Act by making such false and misleading statements;

B.  Enjoining the Merger until such time as Sogou has corrected the statements in the Transaction Statement concerning ADS holders' dissenters' rights and disseminated a notice of merger in accordance with Section 238 of the Cayman Islands Companies Law;

C.  Awarding Plaintiff the costs and disbursements of this action, including attorneys', accountants', and experts' fees; and

D.  Granting such other and further relief as is just and equitable.


Dated: March 9, 2021                              Respectfully submitted,


OF COUNSEL:                                       **FIELDS KUPKA & SHUKUROV LLP**

**LABATON SUCHAROW LLP**                          By:  /s/ *Christopher J. Kupka*
David Schwartz                                    William J. Fields (WF-5054952)
   dschwartz@labaton.com                             wfields@fksfirm.com
Schochet, Ira                                     Christopher J. Kupka (CK-9010)
   ischochet@labaton.com                             ckupka@fksfirm.com
140 Broadway                                      Samir Shukurov (SS-9491)
New York, NY 10005                                   sshukurov@fksfirm.com
(T) 212.907.0700                                  1441 Broadway, 6th Floor #6161
(F) 212.818.0477                                  New York, NY 10018
                                                  (T) 212.231.1500
                                                  (F) 646.851.0076

                                                  *Attorneys for Plaintiff*